IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

UNITED STATES OF AMERICA     \*

vs.     \*    Case Number WA:17-CR-269 (LY)

SHERIN MARSHALL

### Defendant's Memorandum in Support of Variance in Sentencing

Mr. Marshall by and through counsel submits this memorandum in addition to oral argument and allocution for its consideration.

Mr. Marshall is a 34-year old father of five (including biological and non-biological children in the household), with no prior criminal history and has maintained study employment in various trucking jobs leaving high school. He has been active in his children's lives, supporting them, and helping raise them.

This offense occurred principally as a means to provide for his family and assist others in getting extra money for their families in exchange for sharing the proceeds, in what seemed like a victimless crime manipulating numbers on a computer screen submitted to the IRS to maximize refunds. Mr. Marshall has accepted responsibility that this constituted a fraud and a loss to the government.

March 12, 2017 Attorney General Jeff Sessions released a memorandum to the Department of Justice directing prosecutors to "charge and pursued the most serious, readily provable offense." … "By definition the most serious offenses are those that carry the most substantial guidelines sentence, including mandatory sentences." Thus reversing previous policies put in place by former Attorney General Eric Holder encouraging discretion in indicting defendants for offenses with mandatory minimums to "focus on more serious drug cases" in the interest of justice.

The Sessions memo is the current paradigm we face under the current sentencing laws implemented by Congress and new directives of the Department of Justice. *It is not, however the last word on what an appropriate sentence is for a particular defendant.* That power resides with the sentencing judge.

April 3, 2017 the Supreme Court in Dean v. United States ruled *unanimously* that the sentencing court may consider a mandatory minimum sentence imposed when calculating an appropriate sentence for the predicate offense (slip opinion, pp 3-8). The court may and can continue to consider the §3553(a) factors and these provisions permit a court imposing a sentence on one count of conviction to consider sentences imposed on other counts (Slip opinion page 4).

In Dean, the trial court was obligated to sentence the defendant to mandatory minimums under 924(c). The court stated it believed that mandatory term and 1 day on the additional count "more than sufficient for a sentence in this case", but felt it was obligated to go higher based on the sentencing guidelines. The 8th Circuit disagreed, stating the judge did have that discretion to consider the totality of the sentence and the government appealed to the Supreme Court arguing each count should be viewed separately. The Supreme Court agreed with the 8th Circuit that the trial court could consider the total sentence imposed, including the mandatory minimum, in crafting its sentence, even if that meant a sentence of 1 day on the non-mandatory minimum count of the indictment and remanded the case back to the trial court for resentencing.

In the present case, the victim is the government, and collectively its citizen taxpayers. Mr. Marshall has a mandatory 24-month sentence required by statute under 18 USC section 1028(A) having plead guilty to count 12.

The court is required by 18 USC 1028(A) to impose any additional punishment consecutively to this count. It is the defense's position that a 24-month sentence is sufficient and a punishment greater would result in a punishment greater than necessary to achieve the goals of 18 USC 3553.

Therefore, the defense prays that the court suspend any sentence imposed and impose a period of supervised release on count 7 and consecutive to count 12 to run

concurrent with any period of supervised release ordered on count 12. As stated in paragraph 85 of the PSR Mr. Marshal is eligible for not less than one nor five years of probation because the offense is a Class E Felony (18 USC 3561(c)(1)). As a term or condition of such a probation a fine, restitution or community service must be imposed. This is a case where there is a substantial amount of restitution to be repaid. It is the defense's position that it is a waste of the taxpayers' money to continue to punish Mr. Marshall by further incarceration when he could be released on probation and begin paying restitution, thus sparing the government costs associated with incarceration and putting the defendant is a better position to make the government whole through restitution.

It is more than reasonable to believe that Mr. Marshall, who has never before been incarcerated for any notable period of time will be deterred from future criminal behavior by a 24-month sentence. Further it is more than reasonable to believe Mr. Marshall can be rehabilitated within a 24 months sentence – all followed by a term of probation and supervised release. It is also perfectly reasonable to believe others similarly situated would be deterred knowing a punishment of 24 months is possible for this behavior.

Therefore the defense prays that it exercise its discretion, that it consider the totality of the sentence as it is allowed by Dean v. US, and sentence Mr. Marshall to 24 months followed by a term of probation to begin payment of restitution for his crimes.

Respectfully submitted,

/s/ Adam Hoffman /s/

Adam Hoffman
Attorney for the Defense
SB# 24046083
425 Austin Ave. #104
Waco, TX 76701

254-714-0750  
254-714-0783 (FAX)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing delivered to Bob Kemins and David Zisserson, Assistant United States Attorneys by CM/ECF and to Mr. Marshal by electronic delivery.